Iris K. COLEMAN, Individually or Alternatively as Tutrix of and for and on Behalf of her Minor Son, Seth E. Coleman, III, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

Lorena Emma COLEMAN and Seth Eugene Coleman, Sr., Defendants and Third-Party Defendants.

No. 2428.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Oct. 1, 1962.

Walton J. Barnes, Baton Rouge, La., for plaintiff.

Louis R. Lucas, Asst. U. S. Atty., New Orleans, La., for defendant and third-party plaintiff.

G. Allen Kimball, of Jones, Kimball, Harper, Tete & Wetherhill, Lake Charles, La., for defendants and third-party defendants.

WEST, District Judge.

This matter came before the Court on motion by the United States for summary

judgment on July 20, 1962; and the Court having on the 20th day of July, 1962 filed and entered its order finding the issues in favor of the defendant, United States of America, and co-defendants, Seth Eugene Coleman, Sr. and Lorena Emma Coleman, and against the plaintiff; now, therefore, the Court hereby makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Seth Eugene Coleman, Jr., hereinafter referred to as the insured, was issued a policy of National Service Life Insurance in the amount of $10,000 effective as of the 15th day of October, 1956, in which he designated plaintiff, Iris K. Coleman, his wife, as principal beneficiary and Seth Eugene Coleman, III, his son, as contingent beneficiary.

2. On March 7, 1958, the insured executed a change of beneficiary whereby he designated his mother and father, Mrs. Lorena Emma Coleman and Seth Eugene Coleman, Sr., as joint and equal beneficiaries of said policy in lieu of his wife and son.

3. The insured died on the 24th day of December, 1959, at which time the said policy of insurance was in full force and effect.

4. Subsequent to the insured's death both the plaintiff, Iris K. Coleman, and the third-party defendants, Lorena Emma Coleman and Seth Eugene Coleman, Sr., filed claims with the Veterans Administration for the proceeds of the said policy of insurance. The third-party defendants claimed the proceeds of the policy by virtue of the insured's change of beneficiary effective March 7, 1958, while the plaintiff claimed the proceeds of the policy by virtue of an alleged subsequent intention on the part of the insured, even though never consummated, to change the designation of beneficiary back from the third-party defendants to her prior to his death.

5. The Veterans Administration denied the plaintiff's claim and allowed the claim of the third-party defendants, and after plaintiff exhausted all administrative remedies, this action resulted.

6. The Court finds from the evidence that the insured did not effect a second change of beneficiary of the said policy, and that at the time of his death, the third party defendants, Lorena Emma Coleman and Seth Eugene Coleman, Sr., were jointly designated as beneficiaries of said policy of insurance.

## CONCLUSIONS OF LAW

Upon the foregoing Findings of Fact the Court concludes as a matter of law as follows:

1. That the Court has jurisdiction of the subject matter of this litigation and of the parties thereto.

2. That the third-party defendants, Lorena Emma Coleman and Seth Eugene Coleman, Sr., were, on the date of the insured's death on December 24, 1959, designated as joint beneficiaries of the National Service Life Insurance policy herein sued upon, and thus entitled to judgment awarding them each one-half of the proceeds thereof, or the sum of $5,000 each.

3. That G. Allen Kimball, attorney of record for the third-party defendants, is entitled to a reasonable fee for the services rendered by him to the third-party defendants in this litigation, which fee the Court fixes as 10 per cent of the amount recovered, said fee to be paid by the third-party defendants from the proceeds of the National Service Life Insurance policy previously received by them.

Judgment will be signed accordingly.